# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAMILTON BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:15-cv-1439 |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| KRISTIN VALSUKA, *et al.*, | ) | |
| | ) | ECF No. 1 |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## REPORT & RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Motion for Leave to Proceed in Forma Pauperis filed by Hamilton Brown (ECF No. 1) be denied for the reasons set forth below.  It is also recommended that the Clerk of Court mark the case closed.

### II.  REPORT

Plaintiff "Hamilton Brown" filed a Motion for Leave to Proceed In Forma Pauperis on November 4, 2015, along with a Complaint. (ECF No. 1) While Plaintiff filed his complaint under the name "Hamilton Brown," there is sufficient evidence to support a finding that "Hamilton Brown" is actually an alias or trade name for Frederick Banks.

In his complaint, Plaintiff refers to his agents and "representative Frederick Banks among others." Complaint, ECF No. 1-1, at ¶ 1. Wake up He also discusses the fact that the plaintiff was incarcerated for 10 years commencing in 2003 and recounts the facts of the criminal case against Frederick Banks. Complaint at ¶ 3. He refers to his current lawyer, Adrian Roe, who is the

1

attorney in Frederick Banks current criminal case. He also refers to Judge Hornak, who is the judge in his current criminal case Complaint at ¶ 4.

In a previous case filed in the Middle District of Alabama, Frederick Banks signed his complaint over a typed signature block that read: "Frederick Banks[,] *Hamilton Brown*[,] US Steel Tower[,] 600 Grant Street[,] Suite 660[,] Pittsburgh, PA 15219." (ECF No. 1-3 at n.1) (citing Complaint in Banks v. Pivnichny, *et al.*, Civil Action No. 2:15cv369-WKW (M.D. Ala.), at p.3). "Hamilton Brown" filed a case in the Western District of Oklahoma identifying his address as "US Steel Tower, 600 Grant Street, Suite 660, Pittsburgh, PA 15219," which matches the address provided by Frederick Banks in Banks v. Pivnichny, *et al.* (ECF No. 1-3 at n.1) (citing Complaint in Hamilton Brown v. Bill LNU, *et al.*, Civil Action No. 5:15cv:724-M (W.D. Okla.), at p.2; Complaint in Banks v. Pivnichny, *et al.*, Civil Action No. 2:15cv369-WKW (M.D. Ala.), at p.3).

Further, Frederick Banks has an account on the social media website Twitter[1] that contains several references to "Hamilton Brown". https://twitter.com/fredbanks123. (Website visited on 11/12/15). Banks describes himself on his Twitter page as "a day trader, musician in Vampire Nation and July, a litigator, targeted individual, and head of Hexagon Records and Hamilton Brown." Frederick Banks has posted links on his Twitter page that lead to a Facebook page for "Hamilton Brown LLC"[2] and a GoFundMe fundraising website[3] he was using to raise money "for Targeted Individuals." Banks' Twitter profile also has a picture of an advertisement for "Hamilton Brown LLC" that lists the same "US Steel Tower" address discussed *supra*. This

---

[1] The account is registered to Frederick Banks and his username is fredbanks123.

[2] In a July 11, 2015 post that also contained the quote "21 days to riches!".

[3] In a July 13, 2015 post. The GoFundMe campaign can no longer be found at gofundme.com/z8f7bac, but the link and explanation remain on the Twitter. Website visited on 11/12/15.

2

same advertisement[4] can be found on the Hamilton Brown LLC Facebook page.

https://www.facebook.com/hamiltonbrownfirm. (Website visited on 11/12/2015). The Hamilton

Brown LLC Facebook page also contains a post containing a link to the GoFundMe campaign to

"support Targeted Individuals by Fred Banks."[5]

Additionally, Frederick Banks has shown a propensity for using aliases and trade names

in the past when he initiates a legal action. *See* United States v. Vampire Nation, 451 F.3d 189

(3d Cir. 2006) (Frederick Banks filed an appeal of a criminal conviction under the name Vampire

Nation[6] (a/k/a Fredrik Von Hamilton a/k/a Frederick Hamilton Banks, Frederick H. Banks));

Banks v. 3311 E. Carson St., 2006 WL 1843042, at *1 (W.D. Pa. June 29, 2006) (Frederick H.

Banks brought suit alongside co-plaintiff "organizations" Vampire Nation, Hexagon LLC, and

Hexagon Records[7]).

Frederick Banks' history of filing lawsuits under various aliases and trade names coupled

with the evidence ascertained through Frederick Banks' and Hamilton Brown's previous filings

and social media accounts supports a finding that Hamilton Brown is actually an alias or trade

name for Frederick Banks.

Frederick Banks, is a federal prisoner currently confined at the Allegheny County Jail in

Pittsburgh, Pa., while awaiting trial on a new criminal offense charged in an indictment returned

at No. 2:15-cr-168 in the Western District of Pennsylvania. This civil action was commenced on

November 4, 2015 by filing a one page Motion for Leave to Proceed in Forma Pauperis pursuant

to 28 U.S.C. § 1915(a).

---

[4] Photograph added on July 17, 2015.
[5] This is the same link that can be found on Frederick Banks' Twitter page. The link on Hamilton Brown LLC's Facebook page also does not lead to an active GoFundMe page, but the link and explanation remain on the Facebook page.
[6] According to his Twitter Account, Vampire Nation is the name of a band that Banks is a member of.
[7] According to his Twitter Account, Frederick Banks is the head of Hexagon Records.

3

When submitting a Motion to Proceed In Forma Pauperis, the Plaintiff is required to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition to the aforementioned affidavit, Plaintiff is further required to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In this case, the Plaintiff failed to submit a copy of a trust fund account statement. The fact that Mr. Banks has decided to call himself Hamilton Brown in this case does not excuse him from the requirement of filing his account statement.

In addition, the Court finds that Banks has had more than three civil actions that have been dismissed for failure to state a claim upon which relief may be granted while he was a prisoner. Therefore, he is unable to proceed *in forma pauperis* in this matter and this case should be dismissed pursuant to 28 U.S.C. § 1915(g), also known as the "three strikes" rule of the Prison Litigation Reform Act, until such time Plaintiff pays the full $400.00 filing fee.

The Prison Ligation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), provides

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

4

The PLRA also provides for a "three strikes" rule in which leave to proceed *in forma pauperis* must be denied unless the prisoner is under imminent danger of serious physical injury. Specifically, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court has reviewed the allegations of the Complaint in accordance with § 1915(e)(2) and has determined that this case should be dismissed pursuant to 28 U.S.C. § 1915(g). Regardless of what he calls himself, plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g) and court records indicate that he has had at least three prior civil actions dismissed in District Court that count as "strikes". *See Banks v. Commonwealth of Pennsylvania*, Third Circuit No. 10-1597 (Order dated April 8, 2010, and ultimately denying Plaintiff leave to appeal *in forma pauperis* because he has three strikes: *Banks v. Hayward*, W.D. Pa. Civ. No. 06-cv-509; *Banks v. Hayward*, W.D. Pa. Civ. No. 06-cv-1572; *In Re: Banks*, C.A. No. 06-1828)).

Furthermore, Plaintiff has not alleged that he is in any "imminent danger of serious physical injury," and therefore he does not qualify for Section 1915(g)'s exception. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (overruling *Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d Cir. 1998); *Gibbs v. Roman*, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

*Abdul-Akbar*, 239 F.3d at 315 (internal citation omitted). A review of Plaintiff's allegations fails

to indicate any imminent danger of serious physical injury.

It is apparent that Banks has exhausted his three chances at pursuing legal remedies in

federal court, and therefore, his current Complaint should be dismissed.

Finally, Mr. Banks, aka Hamilton Brown, has not attached a statement making the

required certifications as ordered by Judge Nora Barry Fischer in her Memorandum Order dated

November 6, 2013 (ECF No. 10) in Case No. 2:13-cv-1198, in which she denied Plaintiff's

motion for leave to proceed in forma pauperis and also entered the following order:

> **IT IS FURTHER ORDERED** that as to all future civil actions filed by Mr. Banks in which he requests leave to proceed IFP (except petitions for writ of habeas corpus), in addition to the other requirements for requesting *in forma pauperis* status, Plaintiff is required to attach to his motion for leave to proceed *in forma pauperis* a statement certifying: (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law. If Plaintiff fails to attach this certification, such failure will result in denial of the motion for leave to proceed *in forma pauperis.* If it should be determined that a false certification has been made, Plaintiff may be held in contempt of court and the Court may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter.

*Banks v. Unknown Named Number of U.S. Postal Inspectors,* Case No. 2:13-cv-1198, Mem. Order, ECF No. 10 (W.D. Pa. Nov. 6, 2013). This additional reason leads the Court to recommend that the motion for leave to proceed in forma pauperis be denied and the case closed.

## III.  CONCLUSION

It is respectfully recommended that the Motion for Leave to Proceed in Forma Pauperis filed by Frederick Banks aka Hamilton Brown (ECF No. 1) be denied.  Finally, it is recommended that the Clerk of Court mark the case closed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.


Dated:  November 13, 2015                    BY THE COURT:


                                             s/Lisa Pupo Lenihan
                                             LISA PUPO LENIHAN
                                             U. S. Magistrate Judge


cc: **FREDERICK BANKS**
120759
Allegheny County Jail
950 2nd Ave.
Pittsburgh, PA 15219

Cc: **HAMILTON BROWN**
US Steel Tower
600 Grant Street
Suite 660
Pittsburgh, PA 15219