# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAMILTON BROWN, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 15-1439<br>) |
| v. | ) Judge Cathy Bissoon<br>) Magistrate Lisa Pupo Lenihan |
| KRISTIN VALSUKA, *et. al*, | )<br>)<br>) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff "Hamilton Brown" ("Plaintiff")'s "Motion to Vacate Judgment and Order of Dismissal and to Vacate Vexatious Litigant Order" (**Doc. 6**). For the reasons that follow, Plaintiff's Motion (**Doc. 6**) will be DENIED.

### I. MEMORANDUM

On November 4, 2015, Plaintiff "Hamilton Brown"[1] filed a Motion for Leave to Proceed In Forma Pauperis, along with a Complaint. (Doc. 1). On November 16, 2015, the Magistrate Judge issued a Report (Doc. 2) recommending that Plaintiff's Motion for Leave to Proceed in Forma Pauperis be denied because it lacked the required supporting documentation pursuant to 28 U.S.C. § 1915(a)(2); pursuant to the "three strikes rule" of 28 U.S.C. § 1915(g); and because it was filed in violation of Judge Nora Barry Fischer's Court Order in Civil Action No. 13-1198 (Doc. 10). On January 14, 2016, the Court adopted the Magistrate Judge's Report and Recommendation and dismissed this action without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee. (Doc. 4). In addition, the Court issued Orders on December 8,

---
[1] "Hamilton Brown" is an alias for Frederick Banks. (See Doc. 2 at 1-3).

1

2015 in two other cases filed by Plaintiff, designating Plaintiff a "vexatious litigant," and ordering, among other things, that "no document submitted by Plaintiff shall be filed prior to obtaining leave to file unless the document is specifically identified as a motion for leave to file, and unless the document contains an affidavit or sworn declaration as required by this Memorandum Order, and a copy of this Memorandum Order." (See Civil Action No. 15-1385, Doc. 7; Civil Action No. 15-1400, Doc. 7).

Plaintiff now moves to vacate this Court's December 8, 2015 Vexatious Litigant Order and January 14, 2016 Order of Dismissal pursuant to Federal Rule of Civil Procedure 60(b)(4). Plaintiff argues that "all rules, regulations, statutes, treaties and constitutional provisions" should be liberally construed in his favor, since he is an "American Indian." (Doc. 6 at 1). Plaintiff also argues that the Prison Ligation Reform Act ("PLRA") "does not apply to a civilly committed mental patient like Plaintiff." (Id.). In addition, Plaintiff claims that "a bona fide mandamus directed to a trial judge in a criminal case is not subject to the PLRA." (Id.) Finally, Plaintiff argues that a "Rule 60(b)(4) motion may be made at any time." (Id. at 2).

Plaintiff's Motion will be denied. Even accepting as true Plaintiff's argument that he was not a "prisoner" within the meaning of the PLRA at the time he filed this lawsuit, there is no basis to vacate the Court's December 8, 2015 and January 14, 2016 Orders. Contrary to Plaintiff's suggestion, the Court did not rely exclusively upon Plaintiff's status as a "prisoner" under the PLRA in reaching these decisions. Rather, as noted, the Court's January 14, 2016 Order dismissed this action, in part, because Plaintiff failed to comply with Judge Fischer's Court Order in Civil Action No. 13-1198, which provides:

> IT IS FURTHER ORDERED that as to all future civil actions filed by Mr. Banks in which he requests leave to proceed IFP (except petitions for writ of habeas corpus), in addition to the other requirements for requesting in forma pauperis status, Plaintiff is required to attach to his motion for leave to proceed in forma

2

> pauperis a statement certifying: (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law. If Plaintiff fails to attach this certification, such failure will result in denial of the motion for leave to proceed in forma pauperis. If it should be determined that a false certification has been made, Plaintiff may be held in contempt of court and the Court may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter."

(See Case No. 2:13-cv-1198, Doc. 10). Likewise, the Court's December 8, 2015 Order found that Plaintiff is a vexatious litigant not because of his status as a "prisoner" under the PLRA but because he has previously filed in excess of 75 separate, meritless suits before the Western District of Pennsylvania. (See Civil Action No. 15-1385, Doc. 7; Civil Action No. 15-1400, Doc. 7).

Furthermore, the Court will not vacate its Orders based upon Plaintiff's claim that the PLRA does not apply to "a bona fide mandamus directed to a trial judge in a criminal case." (Doc. 6 at 1). Although courts have held that the PLRA does not apply to true or "bona fide" mandamus petitions, see Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996), this is not a mandamus action. Additionally, as Chief District Judge Conti has explained: "The canon of statutory construction cited by Banks that 'statutes are to be construed liberally in favor of the Indians, with ambiguous provisions interpreted to their benefit,' Chickasaw Nation v. United States, 534 U.S. 84, 99 (2001) (citation omitted), does not automatically render [] judgments against Banks 'void' under Rule 60(b)(4)." In re Frederick Banks Rule 60(b) Motions, No. 05-1064, 2016 WL 1161075, at *1 (W.D. Pa. Mar. 24, 2016).

Finally, this Motion will be denied for the independent reason that it violates this Court's December 8, 2015 Order designating Plaintiff a vexatious litigant, and requiring that "no document submitted by Plaintiff shall be filed prior to obtaining leave to file unless the document

is specifically identified as a motion for leave to file, and unless the document contains an affidavit or sworn declaration as required by this Memorandum Order, and a copy of this Memorandum Order." (See Civil Action No. 15-1385, Doc. 7; Civil Action No. 15-1400, Doc. 7).

## II.   ORDER

For the reasons stated above, Plaintiff's "Motion to Vacate Judgment and Order of Dismissal and to Vacate Vexatious Litigant Order" (**Doc. 6**) is DENIED.

IT IS SO ORDERED.


March 14, 2017                                           s/Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge

CC (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

**FREDERICK BANKS**
05711 068
Federal Medical Center
P.O. Box 1600
Butner, NC 27509

**HAMILTON BROWN**
US Steel Tower
600 Grant Street
Suite 660
Pittsburgh, PA 15219